UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Cilio Campos<br>(A-Number: 221-491-495),<br><br>            Petitioner,<br><br>    v.<br><br>Tonya Andrews, Warden of the Golden State Annex Detention Facility; Todd Blanche, Attorney General for the United States of America; Markwayne Mullin, Secretary of the Department of Homeland Security; David Venturella, Acting Director of Immigration and Customs Enforcement; ICE/ERO, Fresno Field Office of Bureau of Immigration and Customs Enforcement,<br><br>            Respondents. | No.  1:26-cv-05546-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN DAYS<br><br>Doc. 1 |

Petitioner Jose Cilio Campos is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 4.  The Court construed the petition as challenging the statutory authority for petitioner's detention and ordered respondents to show cause why the petition should not be granted.  *See* Doc. 8.  Respondents argue "that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)."

1

*See* Doc. 9.  But the Ninth Circuit rejected that argument in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances.  Respondents state that "[s]hould the Court find that the detention authority is 8 U.S.C. § 1226, Respondents do not offer any opposition at this time to the Court ordering a bond hearing."  *Id.* at 1.

Accordingly, the petition for writ of habeas corpus is GRANTED.  Respondents are ORDERED to provide petitioner Jose Cilio Campos (A-Number: 221-491-495) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand.  Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney.  If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing.  The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.  If respondents do not provide petitioner with a bond hearing within fourteen (14) days, then respondents must release him.[1]

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:   July 30, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

2